**TAYLOR & GOMEZ LLP**
Dominic Gomez, SBN: 024808
Benjamin Taylor, SBN: 023868
4022 East Broadway Road, Suite 113
Phoenix, Arizona 85040
Phone: 602-394-8930 Fax: 602-957-3257
E-mail: dg@taylorgomezlaw.com
         bt@taylorgomezlaw.com
*Attorneys for Plaintiff, Steven Grant*

IN THE UNITED STATES DISTIRCT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Steven Grant,**<br><br>Plaintiff,<br><br>vs.<br><br>**City of Phoenix; Officer Kyler Anderson #10671; Officer Marisol Lua; Police Chief Jeri Williams,**<br><br>Defendants. | No.: CV-22-00184-PHX-JAT (MHB)<br><br>**PLAINTIFF'S RESPONSE TO MOTION TO STRIKE & MOTION TO DISMISS**<br><br>**(ORAL ARGUMENT REQUESTED)**<br><br>**(The Honorable James A. Teilborg)**<br>**(The Honorable Michelle H. Burns)** |

Plaintiff, Steven Grant ("Plaintiff"), by and through undersigned counsel, hereby files this Response to Motion to Strike & Motion to Dismiss. This Response is hereby supported by the Memorandum of Points and Authorities set forth below and also the attached Exhibits.

**DATED** this ___2nd_____ day of May, 2022.

        **TAYLOR & GOMEZ LLP**

        By___**/s/Dominic Gomez, Esq.**_____
           Dominic Gomez, Esq.
           Benjamin Taylor, Esq.

*Attorneys for Plaintiff, Steven Grant*

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **MOTION TO STRIKE**

At the pleading stage, Defendants attempt to strike any reference to the Department of Justice investigation into the City of Phoenix Police Department.

In a civil rights Case, whether a Police Force/Agency is being investigated by the Department of Justice is relevant and allowable.

In *Doornbos v. City of Chi*., 868 F.3d 572 (7th Cir. 2017), the Seventh Circuit Court of Appeals reversed the Judgment for defendants and remanded for a new trial. In doing so, the Seventh Circuit Court of Appeals discussed and analyzed the Department of Justice Investigation into the Chicago Police Department: "Whether officers reasonably identify themselves in initiating stops is particularly important for the Chicago Police Department because of its widespread use of plainclothes policing. A recent investigation by the United States Department of Justice found that Chicago Police engage in aggressive plainclothes policing practices that result in needless injuries. See U.S. Dep't of Justice, Civil Rights Div. & U.S. Attorney's Office N.D. Ill., Investigation of the Chicago Police Department (Jan. 13, 2017), available at https://www.justice.gov/opa/file/925846/download.4..." *Doornbos v. City of Chi*., 868 F.3d 572 (7th Cir. 2017).

Moreover, in *Starr v. Baca*, 652 F.3d 1202, 1209 (9th Cir. 2011), the Ninth Circuit Court of Appeals reversed dismissal of the Claim and allowed a civil rights Complaint to proceed, in which it contained allegations about the United States Department of Justice's investigation into the Los Angeles County Jails.

Also, at the pleading stage, Defendants attempt to strike references in the

Complaint to police treatment of African Americans. In light of the Department of Justice investigation into the City of Phoenix Police Department, Plaintiff being an African American male is relevant and any facts and statements which could lead to a finding of racial animus are also relevant. *See US v. Snowden*, 879 F. Supp. 1054 (D. Or. 1995) ("Snowden seeks evidence of racial animus against African-Americans by complainant or her family. If there is evidence that complainant or her close family was hostile to African-Americans, that evidence is relevant in light of her statements to the police."). Moreover, Defendants chose to include Plaintiff's statements about race in the Police Report and Defendants attached the Police Report with its pending Motion. As such, the statements are relevant and are not prejudicial to Defendants.

Accordingly, Defendants' Moton to Strike should be denied.

## MOTION TO DISMISS

On March 2, 2022, Defendants filed a Motion to Strike & Motion to Dismiss. Federal Rules of Civil Procedure 12(b) and 12(b)(6) were cited to in Defendants' Motion to Dismiss. No Affidavits were attached by Defendants to their Motion to Dismiss. There was no Separate Statement of Facts as required by Local Rule 56.1(a), which would allow Plaintiff to file a Controverting Statement of Facts, pursuant to Local Rule 56.1(b). Accordingly, Defendants' Motion to Dismiss should be treated under Motion to Dismiss Standards.

## STANDARDS

"A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. 'Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.' *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Factual

allegations must be enough to 'raise a right to relief above a speculative level.' *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)." *C.B. v. Moreno Valley Unified Sch. Dist.*, 544 F.Supp.3d 973, 984 (C.D. Cal. 2021).

Plaintiff contests any and all arguments raised by Defendants and asserts that they are insufficient and inappropriate at the Pleading stage, without the benefit of the Parties having any Disclosure or Discovery to date. Plaintiff asserts that his First Amended Complaint contains both a cognizable legal theory and sufficient facts to support a cognizable legal theory.

**NOTICE OF CLAIM**

Defendants do not contest the Notice of Claim as to Defendant, City of Phoenix ("Defendant Phoenix") and Defendant, Police Chief Jeri Williams ("Defendant Chief Williams"). Accordingly, the claims (state law and federal law) against Defendant Phoenix and Defendant Chief Williams should proceed.

Defendants do appear to contest the Notice of Claims as to Defendant, Officer Kyler Anderson ("Defendant Anderson") and Defendant, Marisol Lua ("Defendant Lua"). However, at this stage, there is no factual support for this argument and this argument is just that. Plaintiff's Allegations regarding the Notice of Claim, in its First Amended Complaint, should be accepted as true at this stage. Plaintiff did prepare a separate Notice of Claim for Defendant Anderson and Defendant Lua and Plaintiff hired a private process server to serve the Notice of Claim on Defendant Anderson and Defendant Lua. The same process server was utilized who served Defendant Phoenix and Defendant Chief Williams.

Any argument regarding the Notice of Claim would only be applicable to the state law claims as to Defendant Anderson and Defendant Lua. *See Knick v. Township of Scott*,

588 U.S. _ (2019). As such, the federal law claims against Defendant Anderson and Defendant Lua must proceed.

There should be no assumption regarding state law vicarious liability at this stage. The Arizona Supreme Court has certainly left open the possibility for state law vicarious liability to apply even when there may be legal issues/defenses as to the employee. *See Banner University Medical Center v. Gordon*, CV-20-0179-PR (Ariz. Jan. 20. 2022*); see also Kopp v. Physician Group of Ariz., Inc.* 421 P.3d 149 (Ariz. 2018). Moreover, Plaintiff has pled independent state law claims against the City of Phoenix. *Kopp,* 421 P.3d 149.

**QUALIFIED IMMMUNITY**

Defendant Anderson and Defendant Lua argue they are entitled to qualified immunity. At the pleading stage, there is insufficient factual support for qualified immunity. Moreover, there is binding Ninth Circuit Case Law here which guides this Court in rejecting and denying the qualified immunity argument.

The Ninth Circuit has stated that "probable cause does not exist where a police officer arrests an individual for activities that do not constitute a violation of the law." *Beier v. City of Lewiston*, 354 F.3d 1058, 1065–66 (2004). Furthermore, "[l]aw enforcement officers who act to enforce such a protection order therefore have a responsibility to familiarize themselves with the order's precise contents through some official source." *Id.* at 1069. In *Beier*, the plaintiff was arrested for violation of a civil protection order while attending a church service that his wife and children were also attending. *Id.* at 1066. The protection order prohibited the plaintiff from going within 300 feet of his wife's residence or workplace. *Id.* at 1067. Because the protection order did not apply to the church, the plaintiff was not in violation of the order. *Id.* The court held that the officers were not entitled to qualified immunity because "[t]he officers

failed to confirm the terms of the protective order even though they knew that [the plaintiff] disputed that he was violating the protection order, and even though [the plaintiff] had specifically requested that they read the order." *Id.* at 1070.

Likewise, Plaintiff disputed that he was violating the protection order, informed the Officers multiple times the protection order had been dismissed, and Defendant Anderson and Defendant Lua refused to review the documentation/Order that Plaintiff had requested that he show them. All of these allegations are contained and well pled in the First Amended Complaint. Qualified immunity must be denied and the state law claims against

## *MONELL* **LIABILITY**

"A municipality is responsible for its officials' unconstitutional conduct under Section 1983 only if the conduct was caused by a municipal policy, practice, or custom. *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005). A plaintiff may establish a municipal policy, practice, or custom by, inter alia, proving that a city employee committed the alleged constitutional violation pursuant to a formal government policy or a longstanding practice or custom which constitutes the standard operating procedure of the local government entity. *Hopper v. City of Pasco*, 241 F.3d 1067, 1083 (9th Cir. 2001) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992) ) (internal quotation marks omitted). A policy can be one of action or inaction, such as a failure to train employees when such omissions amount to the government's policy." *Hyun Ju Park*, 292 F.Supp.3d 1080, 1095 (D. Haw. 2018).

There are sufficient allegations in the First Amended Complaint as to *Monell* Liability to allow this theory to proceed at the Pleading Stage.

As noted above, the U.S. Department of Justice's pattern and practices

investigation against Defendant Phoenix and Defendant Williams is relevant and will lead to additional Discovery which will further support *Monell* Liability. *Doornbos v. City of Chi.*, 868 F.3d 572 (7th Cir. 2017); *Starr v. Baca*, 652 F.3d 1202, 1209 (9th Cir. 2011).

**POLICE CHIEF WILLIAMS AND REMAINING ARGUMENTS**

Any and all remaining arguments by Defendants are hereby denied and disputed. Specifically, as to Defendant Police Chief Williams, Plaintiff argues that the following Ninth Circuit Case Law supports Plaintiff's claims against Defendant Police Chief Williams and all pled claims against Defendant Police Chief Williams should proceed. *Watkins v. City of Oakland, Cal.*, 145 F.3d 1087 (9th Cir. 1998); *Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991); *Sanders v. Kennedy*, 794 F.2d 478 (9th Cir. 1986).

As to Defendants' remaining arguments about plausibility, Plaintiff asserts that the First Amended Complaint meets the Motion to Dismiss standard of plausibility and the allegations in the First Amended Complaint should be accepted as true and should proceed.

**ACCORDINGLY**, good cause appearing therefore, Plaintiff respectfully requests this Court to timely deny Defendants' Motion to Strike and Motion to Dismiss. Oral argument is hereby requested. If the Court finds any of the Defendants' arguments persuasive, then Plaintiff respectfully requests the right/leave to amend the First Amended Complaint. Plaintiff and Defendants previously stipulated to Plaintiff being allowed to file a Second Amended Complaint, but the Court's Order on the subject came in on February 23, 2022 and the stated deadline to file the Second Amended Complaint

was already in the past, February 18, 2022 [Dkt. 6].

**DATED** this ___2nd_____ day of May, 2022.

**TAYLOR & GOMEZ LLP**

By___**/s/Dominic Gomez, Esq.**_____
    Dominic Gomez, Esq.
    Benjamin Taylor, Esq.
    *Attorneys for Plaintiff, Steven Grant*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing was sent to the following CM/ECF registrants:

Victoria Torrilhon, Esq.
City of Phoenix
200 West Washington, Suite 1300
Phoenix, Arizona 85003
*Attorney for Defendants*

By:___**/s/ Dominic Gomez, Esq.**_____