KAB

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Grant, | No. CV 22-00184-PHX-JAT (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| City of Phoenix, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Strike and Motion to Dismiss. (Doc. 7.)[1]

**I.   Background**

In his First Amended Complaint (Doc. 1-3 at 31-42), Plaintiff relevantly alleges as follows. On April 9, 2020, his wife obtained an Order of Protection against him, but, on July 13, 2020, his wife requested that the Order of Protection be dismissed, and the Order of Protection was dismissed that day. On September 13, 2020, Plaintiff drove to his wife's

---

[1] There are several pieces of evidence attached to the parties' briefing on the Motion to Dismiss. Defendants attached police reports to their Motion to Dismiss (Doc. 7-1), Plaintiff filed a "Notice" attaching exhibits to his Response without any context; these exhibits were not mentioned in Plaintiff's Response, but appear to include an affidavit of Plaintiff's ex-wife, the dismissal of the order of protection, and excerpts of Plaintiff's medical records. (Doc. 12, 12-1.) In their Reply, Defendants attach declarations of the individual officer Defendants. As discussed more fully below, it would be improper for the Court to consider any of this evidence in ruling on a motion to dismiss, and the Court has not considered any of this evidence in its ruling.

house in order to obtain some of his possessions, but sat outside in his car and called the police to request their assistance in obtaining his items. When Phoenix Police Officers Anderson and Lua arrived, they arrested Plaintiff for the misdemeanor of interference with judicial proceedings based on violation of an Order of Protection even though Plaintiff told them he had paperwork in his car proving that the Order of Protection was dismissed. Plaintiff was in jail until October 16, 2020 when the prosecutor voluntarily dismissed the case because the Order of Protection was dismissed.

In Count One, Plaintiff alleges claims of "false arrest, false imprisonment, and malicious prosecution."[2] In Count Two, Plaintiff alleges state law claims of negligence and gross negligence. In Count Three, Plaintiff alleges "civil rights violations," and appears to assert claims of false arrest, false imprisonment, malicious prosecution, and a *Monell* ratification theory. Plaintiff does not delineate which claims are asserted against which Defendants.

**II.  Motion to Strike**

Defendants move to strike the statement "black people are dying from officers" and references to an open City of Phoenix investigation as irrelevant to the underlying allegations in the First Amended Complaint. (Doc. 7 at 1.) Defendants assert that the material should be stricken from paragraph 18, paragraphs 24, 25, 40, and the second sentence of paragraph 49 of Plaintiff's First Amended Complaint. (*Id.*)

Rule 12(f) authorizes the Court to strike from a pleading all allegations that are "immaterial, impertinent or scandalous." Fed. R. Civ. P. 12(f). Generally, Defendants have the burden of showing "that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *See* 5C Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1380 (3d ed. updated April 2022); *XY Skin Care & Cosmetics, LLC v. Hugo Boss USA, Inc.*, No. CV–08–1467–PHX–ROS, 2009 WL 2382998, *1 (D. Ariz. 2009).

---

[2] It is unclear, but it appears these claims are brought pursuant to Arizona state law.

- 2 -

1    With regard to the allegation that "black people are dying from officers," Plaintiff alleged that this was a statement that he made during his arrest and that it was recorded in the police report. Plaintiff's allegations referencing an ongoing City of Phoenix investigation are irrelevant to his claims before the Court and Plaintiff did not allege how that investigation is related to his underlying claims.

Nonetheless, Defendants have not shown how they will suffer prejudice if the allegations remain in the First Amended Complaint. Defendants assert that they "reserve the right" to file a motion in limine to ensure that such allegations are not presented to the jury, obliquely suggesting that they *may* suffer prejudice if the First Amended Complaint is presented to a jury. First, Defendants need not "reserve the right" to file a motion in limine. Second, allegations in a pleading are simply allegations and are not admissible evidence. Accordingly, Defendants have not shown they will suffer prejudice if the allegations remain in the First Amended Complaint.

For all the foregoing reasons, the Motion to Strike will be denied.

### III. Motion to Dismiss

#### A. Notice of Claim

Defendants first argue that all of Plaintiff's state claims against Officers Lua and Anderson are barred because Plaintiff failed to serve them with a notice of claim prior to filing suit, and, as a result, all vicarious liability claims against the City of Phoenix and Chief Williams are also barred.

In Response, Plaintiff argues that his allegation that he served a notice of claim must be accepted as true and Plaintiff contends that he "hired a private process server to serve the Notice of Claim on Defendant Anderson and Defendant Lua."

In Reply, Defendants assert that the Court may consider whether a notice of claim was properly served on a Rule 12 motion without converting it into a Motion for Summary Judgment, *citing Payan v. City of Phoenix*, 2010 WL 4574149 at *3 (D. Ariz. Nov. 5, 2010). Defendants assert that, as a result, the Court may consider affidavits of the officers attached to the Reply contending that they were not served with the Notice of Claim.

1    Defendants reliance on *Payan* is misplaced because the *Payan* court considered the Notice of Claim argument under an unenumerated 12(b) standard, allowing the Court to consider evidence, but the Ninth Circuit Court of Appeals has since overruled case law allowing the Court to consider motions under an unenumerated 12(b) standard. *See Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014)

The failure to serve notices of claim is an affirmative defense which, in general, presents a "question[] of fact for the jury." *Lee v. State*, 242 P.3d 175, 178 (Ariz. Ct. App. 2010). However, when "there is no genuine issue of material fact for a jury to consider, the issue may appropriately be disposed of by summary judgment." *Id.* at 179.

Because Defendants reference material outside the pleadings, the motion must be converted to a motion for summary judgment as to the Notice of Claim issue. Fed. R. Civ. P. 12(d); *see, e.g.*, *Frey v. Stoneman*, 722 P.2d 274, 277 (1986) ("Because evidence extrinsic to the pleadings was offered to and relied on by the trial judge in making this decision, the motion to dismiss should have been treated as one for summary judgment.") (citations omitted); *Jones v. Cochise County*, 187 P.3d 97, 100 (Ariz. Ct. App. 2008) (finding that where a notice of claim is attached to a motion to dismiss, it is a document outside of the pleadings and the motion thus must properly be regarded as a motion for summary judgment).

Plaintiff is entitled to notice that the motion is being converted as well as "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Therefore, Plaintiff will be directed to file a response to the motion establishing there is a genuine dispute of material fact regarding his compliance with the notice of claim statute. To do so, Plaintiff must file evidence that he did, in fact, serve Defendants with notices of claim. Failure to file an opposition supported by evidence will result in the granting of Defendants' motion and the dismissal of all state-law claims.

### B.    Failure to State a Claim

Defendants assert that Plaintiff failed to state a claim upon which relief may be granted in his First Amended Complaint.

1        Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted). To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

As a general rule, when deciding a Rule 12(b)(6) motion, the court looks only to the face of the complaint and documents attached thereto. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If a court considers evidence outside the pleading, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). A court may, however, consider documents incorporated by reference in the complaint or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. *Id.*

. . . .

. . . .

### 1. The City of Phoenix and Chief Williams

Defendants argue that Plaintiff's state and federal claims against the City and Chief Williams based on allegations of independent liability (not vicarious liability) are subject to dismissal for Plaintiff's failure to plead any facts showing that he is entitled to relief and that Chief Jeri Williams is subject to dismissal because the FAC does not include any factual allegation regarding Williams' individual conduct.

In his First Amended Complaint, Plaintiff alleges that "Defendant City of Phoenix, Defendant Chief Williams, and Phoenix Police Department are/were independently negligent/liable under the legal theories of negligent hiring, negligent training, and/or negligent supervision [and] the City of Phoenix and Phoenix Police Department are currently being investigated by the U.S. Department of Justice for pattern or practice and [sic] investigating their training and supervision." Plaintiff further alleges that "Defendant City of Phoenix Chief Williams, and Phoenix Police Department are/were liable for their policies and procedures and/or lack thereof, as it relates to the facts of this incident and Plaintiff's race." Plaintiff further alleges that "[b]ased on the history of the Phoenix Police Department, which include the above-referenced DOJ investigation into the Defendant Phoenix and its Police Department, Plaintiff alleges ratification by Defendant City of Phoenix and Phoenix Police Department."

As noted above, Plaintiff does not allege facts showing that his arrest was related to an ongoing investigation of the Phoenix Police Department and the City of Phoenix. Plaintiff pleads no facts demonstrating how negligent hiring, training and/or supervision led to his allegedly false arrest. Likewise, Plaintiff pleads no facts showing that Williams was involved in his false arrest and pleads no facts showing how any Defendant "ratified" the allegedly false arrest. Accordingly, to the extent Plaintiff's claims against the City of Phoenix and Williams are not based on vicarious liability, those claims will be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim upon which relief may be granted); *see also Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th

Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6) because a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury.).[3]

### 2. Officers Anderson and Lua

#### a. Incorporation by Reference

Defendants assert that Plaintiff's allegations, taken as true, do not show that the Defendant officers arrested Plaintiff without probable cause. Defendants rely on the narrative statements of the officers contained in the police reports to support their arguments, and argue that the Court may consider the police reports on a Motion to Dismiss because the police reports were incorporated by reference into the First Amended Complaint.

Although courts do not uniformly apply the doctrine of incorporation by reference, the Court cannot take all parts of a police report as true on a Motion to Dismiss when the underlying facts contained in the reports could reasonably be challenged after discovery and on a motion for summary judgment or at trial.[4] "The Court may consider unattached evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions

---

[3] Defendants argue that the City of Phoenix and Williams are entitled to dismissal as to the vicarious liability claims because Plaintiff did not serve the individual officers with the Notice of Claim. Because the Court has converted the Motion to Dismiss into a Motion for Summary Judgment as to the Notice of Claim issue, the issue of the vicarious liability is properly decided once the converted Motion for Summary Judgment is fully briefed. Likewise, although Defendants move to dismiss Plaintiff's negligence and gross negligence claims for failure to state a claim upon which relief may be granted, because the decision on the Notice of Claim may render that argument moot, the Court will not rule on that argument until the converted Motion for Summary Judgment is fully briefed.

[4] If this were permitted, a defendant in a false advertising case could simply refer to the advertisement as "incorporated by reference" and the Court would have to accept the allegedly false wording of the advertisement as true when deciding the motion to dismiss.

- 7 -

the authenticity of the document." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). The Court "may not, on the basis of these reports, draw inferences or take notice of facts that might reasonably be disputed." *Id.* Here, even if Plaintiff's few references to specific parts of the police report could be construed as incorporating the police report by reference, the police report is not the basis of Plaintiff's claims, and it would not be appropriate to take the underlying facts and narratives asserted by the police officers in the reports as true when ruling on a Motion to Dismiss. Because it is improper to consider the narratives of the officers in the police reports on a motion to dismiss, the Court will not consider them and the Court will limit its analysis to the allegations in Plaintiff's First Amended Complaint.

### b. False Arrest/False Imprisonment

Defendants assert that Plaintiff does not state a claim for false arrest or false imprisonment because he does not provide a single fact showing that the officers' lacked probable cause. Defendants assert that even if Plaintiff pleaded sufficient facts to state a claim against either Officer Lua or Anderson, they are entitled to qualified immunity, as there is no clearly established law requiring them to base their decision on whether to arrest a suspect by listening to him and his concerns or examine an unverified document, to the exclusion of all other evidence available to them.

"Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe an offense has been or is being committed by the person being arrested." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1022 (9th Cir. 2008) (internal citation omitted) "While conclusive evidence of guilt is of course not necessary under this standard to establish probable cause, mere suspicion, common rumor, or even strong reason to suspect are not enough." *Id.* (internal citation omitted). "Police officers may rely on the totality of facts available to them when determining whether probable cause exists to make an arrest." *United States v. Ortiz-Hernandez*, 427 F.3d 567, 573-74 (9th Cir. 2005)

In a false arrest case, "[p]robable cause arises when an officer has knowledge based

on reasonably trustworthy information that the person arrested has committed a criminal offense." *McSherry v. City of Long Beach*, 584 F.3d 1129, 1135 (9th Cir. 2009). "Because many situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some mistakes on their part." *Id.* (quoting *Brinegar v. United States,* 338 U.S. 160, 176 (1949)); *Stoot v. City of Everett*, 582 F.3d 910, 918 (9th Cir. 2009) (same).

In a false arrest case, the qualified immunity analysis turns on whether the police officers reasonably but mistakenly concluded that probable cause existed to arrest, detain, and initiate the criminal prosecution." *O'Doan v. Sanford*, 991 F.3d 1027, 1042 (9th Cir. 2021) ("Even assuming the officers lacked probable cause to arrest the [plaintiffs], the officers are entitled to qualified immunity because they reasonably but mistakenly concluded that probable cause was present.") (quoting *D.C. v. Wesby*, __ U.S. ___, 138 S. Ct. 577, 582 (2018)).

Defendants' argument that Plaintiff did not "plead a single fact" to show that Defendants lacked probable cause is misplaced. The Court understands that Defendants believe the *evidence* will show that Defendants did have probable cause and that if Plaintiff had pleaded all the facts, those facts would show that Defendants had probable cause and therefore, Plaintiff could not state a claim upon which relief can be granted for false arrest. But, as already discussed, the Court cannot consider evidence, and must limit its' review to Plaintiff's allegations. Here, Plaintiff alleges that he went to his wife's house to retrieve his possessions, he called the police to assist him, and when the police arrived, they arrested him for violating an Order of Protection that was no longer valid, even though Plaintiff told them the order was no longer valid. The Court must evaluate the totality of the circumstances when determining probable cause, and under the circumstances *alleged*, Plaintiff states a claim upon which relief may be granted.

Defendants' contention that they are entitled to qualified immunity relies on facts that were not alleged, but were included in the police report. Because this argument improperly relies on evidence the Court cannot consider at this stage, the Motion to Dismiss

will be denied as to the false arrest/false imprisonment claims.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. 7).

(2) Defendants' Motion to Strike/Motion to Dismiss (Doc. 7) is **granted in part** and **denied in part** as follows:

    (a) the Motion to Strike is denied.

    (b) the Motion to Dismiss is granted as to the malicious prosecution claims in Counts One and Three, the *Monell* claim, and all claims against the City of Phoenix and Defendant Williams that are not premised on a vicarious liability.

(3) The remainder of the Motion to Dismiss is converted into a Motion for Summary Judgment. Within 14 days of the date of this Order, Plaintiff must file an opposition to Defendants' Motion as detailed in his Order. If Plaintiff files a Response, Defendants may file a reply within 7 days of the day the Response is filed.

Dated this 20th day of October, 2022.

_____
James A. Teilborg
Senior United States District Judge